UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR CHEN, | |
| Plaintiff, | 22-CV-4090 (LTS) |
| -against- | ORDER OF DISMISSAL |
| UNITED STATES OF AMERICA; MERRICK GARLAND; DAMIAN WILLIAMS, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and asserting that Defendants violated his federal constitutional rights. By order dated May 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action against the United States; Merrick Garland, the United States

Attorney General; and Damian Williams, the United States Attorney for the Southern District of

New York. Plaintiff invokes this Court's federal question jurisdiction and asserts that his rights,

under the Fourth and Fourteenth Amendments to the United States Constitution, have been

violated. He alleges that the events giving rise to his claims occurred in "New York City and

elsewhere," from July 13, 1964, to the present day. (ECF 2, at 5.)

The following facts are drawn from the complaint:

I took the U.S. citizenship oath in good faith in this court on July 13, 1964. See
the attached copy of the certificate. It states, for sex, "Male," which is true, and I
have never presented otherwise. The USA never intended to honor this certificate.
In particular, and with urgency at this moment, since January 22, 1973, U.S. and
state courts have disregarded my rights, even my First Amendment and Fourth
Amendment rights, on the basis that I and my products might be treated as if I am
female, a female like 'Jane Roe' seeking abortion rights. . . . I have pursued a
mostly honorable life in the USA, including filings in this court, enumerated
below. Even these filings have not been received in good faith. I still may die and
still be used by lawyers, in reproductive rights cases, as a 'female.'

(*Id.*) (emphasis in original). Plaintiff also alleges: "I have pursued a career as a journalist and

historian writing on subjects, including abortion. There has been no honest acknowledgement of

my work, particularly the letter of Aug. 12, 2004, attached." (*Id.* at 6.) Plaintiff indicates that he

mailed letters to U.S. Representative Jerry Nadler and letters and a manuscript to Chief Justice

John Roberts, neither of whom responded.

For his injuries, Plaintiff notes that they "are described in my other complaints." (*Id.*) For

relief, he states, "I want the court to admit that this complaint is true, that I was not granted

citizenship in good faith, and particularly that since Roe v. Wade the U.S. and state courts have

used me as my property and my privacy in defiance of the citizenship certificate." (*Id.*)

## DISCUSSION

**A.     Plaintiff's claim has no basis in law or fact.**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's allegation that he may be used as a "female" in reproductive rights cases does not provide any plausible factual support for his claim and appears to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has pleaded no factual predicate showing that Defendants have violated his rights under the First and Fourth Amendments. The Court cannot identify any legal basis for his claims and there appears to be no legal theory on which Plaintiff may proceed. *See id*. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defect in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.      Plaintiff's Litigation History**

Plaintiff has filed multiple cases in this court, many of which were dismissed as frivolous or meritless. *See Chen v. Vason*, ECF 1:22-CV-2938, 6 (S.D.N.Y. Apr. 29, 2022) (listing cases). On January 31, 2022, the Court warned Plaintiff that further vexatious or frivolous litigation in this Court would result in an order under 28 U.S.C. § 1651, barring him from filing new actions IFP unless he received prior permission to file. *See Chen v. Mount Sinai Beth Israel*, ECF 1:22-CV-0223, 5 (S.D.N.Y. Jan. 31, 2022), *appeal pending*, No. 22-0383 (2d Cir.). Because Plaintiff failed to heed the Court's warning and continued to file frivolous or meritless cases, on April 29, 2022, the Court directed Plaintiff to show cause, within thirty days, why he should not be barred from filing any further actions in this Court IFP without first obtaining permission to file his complaint. *See Chen v. Vason*, ECF 1:22-CV-2938, 6.

This action was filed after Plaintiff was warned but before he has responded to the order to show cause. While the Court has determined that this action is frivolous, there is no need to further address Plaintiff's vexatious litigation history as he has been directed to show cause as described above.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2022
         New York, New York

                                                  /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge